Peter **PAPPAS**, Administrator of the Estate of Georgios Theodorou Coutsoubelis, deceased, Appellant,

v.

The **TANKER EURYNOME**, in rem, and West Atlantic Overseas Carriers, Ltd., in personam, Appellees.

No. 9453.

United States Court of Appeals Fourth Circuit.

Argued Sept. 30, 1964.

Decided Dec. 23, 1964.

Henry E. Howell, Jr., and Augustus Anninos, Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on brief), for appellant.

Walter B. Martin, Jr. (Norfolk, Va., (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

On December 26, 1957, a seaman on board the SS EURYNOME fell to the deck of the ship's galley holding his abdomen in pain. The Master of the ship immediately called Kingston, Jamaica, the nearest port and the ship's destination, requesting medical advice. The answer, received some three hours later, advised him to administer certain drugs to minimize the chance of infection. The Master carried out this advice and proceeded directly to Kingston. Upon arrival, 18 hours after the fall, the seaman was immediately transferred to a hospital where he died five hours after admittance from a ruptured duodenal ulcer.

The administrator of the seaman's estate brought a libel against the vessel and her owner alleging dual grounds of liability: failure on the part of the Master to remove the unseaworthy condition in the galley which caused the fall, and the Master's failure to avail himself of the nearest surgical aid—that availa-ble through the air-sea rescue service at Guantanamo Bay, Cuba.

There is substantial evidence on the record to support the District Court's finding that the seaman's fall was not caused by an unseaworthy condition in the galley and we affirm this finding.

Libellant's second contention was that the Master's duty to secure immediate surgical assistance for a seaman falling ill at sea was breached by the failure of the Master to call for the air-sea rescue service available at Guantanamo, Cuba. It was contended that an air rescue at sea could have been effected with a saving of many precious hours, thus minimizing the danger to the seaman's life. This would certainly have been the most prudent course, but it was the Master's contention that he was not unreasonable in calling the nearest port for medical advice, following that advice, and sailing directly to that port. The medical officer at Kingston, in his reply to the Master, did not mention the necessity for air-sea rescue.

We note the implication in the opinion of the District Court that air-sea rescues are dangerous operations, to be undertaken in extraordinary situations only. The evidence does not support this; in fact, all of the testimony indicates that such rescues are commonplace occurrences in relatively mild seas. This makes the reasonableness of the Master's action a close issue.

However, there is substantial evidence to support District Judge Hoffman's finding that the Master did not violate the duty owed to the injured seaman, and we cannot say on this record that the finding is clearly erroneous.

Affirmed.